Ahmed v. Garland

BIA
A099 396 158

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand twenty-two.

PRESENT:
>       JOSÉ A. CABRANES,
>       DENNY CHIN,
>       JOSEPH F. BIANCO,
>             *Circuit Judges.*

_____

MUNIR AHMED,
>       *Petitioner*,

>       v.                                    **20-3435**
>                                             **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Visuvanathan Rudrakumaran, Esq.,
                           New York, NY.

FOR RESPONDENT:            Brian Boynton Acting Assistant
                           Attorney General; Carl McIntyre,
                           Assistant Director; Gregory A.
                           Pennington, Jr., Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Munir Ahmed, a native and citizen of Pakistan, seeks review of a September 10, 2020, decision of the BIA denying his motion to reopen his removal proceedings. *In re Munir Ahmed,* No. A 099 396 158 (B.I.A. Sept. 10, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Ahmed filed a motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture, alleging that he had converted from Sunni to Shia Islam and that conditions for Shia Muslims in Pakistan had worsened since his hearing. His 2020 motion was untimely filed more than 90 days after his removal order became final in 2017, so he had to establish a material change in conditions in Pakistan to excuse the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii). We review the BIA's denial of his motion to reopen for abuse of discretion and its determination of country conditions for

substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Substantial evidence supports the BIA's conclusion that Ahmed did not establish changed conditions in Pakistan. His conversion to Shia Islam is a change in his personal circumstances, not a changed condition in Pakistan as required to excuse the deadline for his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2006) (holding that a "self-induced change in personal circumstances cannot suffice" to show changed conditions excusing the time limit on a motion to reopen). The BIA also correctly "compare[d] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quotation marks omitted). That evidence supports the BIA's conclusion that Ahmed did not establish a material change in conditions. A comparison of the State Department's 2016 and 2018 International Religious Freedom Reports shows that in 2016 armed groups continued to attack Shias, as well as Christians, Ahmadi Muslims, and Sufi Muslims, but that in 2018, the number of attacks against Shias

declined. Certified Administrative Record at 206–07, 228, 264–65, 274–75. The government took steps to restrict violence between Sunnis and Shias. *Id.* at 221, 226. The record confirms that the Sunni terrorist group, Lashkar-e-Jhangvi, targets Shias in Pakistan, and killed 2,700 Shia Muslims between 2001 and 2019, *id.* at 430 (2019 Annual Report of U.S. Commission on Int'l Religious Freedom). This evidence does not show that attacks on Shia Muslims had increased since Ahmed's hearing, and evidence of ongoing violence is not evidence of a change in conditions. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007).

Because substantial evidence supports the BIA's conclusion that Ahmed failed to establish changed conditions in Pakistan, the BIA did not abuse its discretion by denying the motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). That finding is dispositive of the motion to reopen, so we do not need to reach the BIA's alternative determination that Ahmed failed to overcome the underlying adverse credibility determination. Regardless, we find no error in the BIA's reliance on the adverse credibility determination because Ahmed's allegation that he had

4

converted to Shia Islam turned on his credibility and he did not resolve the underlying issues, particularly his prior knowing reliance on a false amnesty application to apply for parole to visit Pakistan. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (upholding BIA's reliance in underlying adverse credibility determination to reject evidence presented with motion to reopen because "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence" (quoting *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007))).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5